■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WELCH, Appellant. — Main, J. Appeal, by permission, from an order of the County Court of Albany County (Clyne, J.), entered March 8, 1984, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of attempted criminal sale of a controlled substance in the third degree, without a hearing.

Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and his conviction was affirmed by this court without opinion (105 AD2d 594). On this motion to vacate the judgment pursuant to CPL 440.10 (1) (h), defendant contends that his guilty plea was not entered voluntarily but resulted from coercion and the denial of his right to

effective assistance of counsel. The basis for this claim is defendant's contention that his then assigned attorney advised him that no one had been acquitted of drug charges in Albany County, that he would receive a sentence of 25 years to life if convicted after trial, that even if acquitted, the District Attorney would seek to indict him on another drug charge, and that he had to decide immediately whether to accept a plea agreement. These facts are supported by sworn allegations, upon information and belief, by defendant's current attorney, who further states the sources of his information and the grounds of his belief (see, CPL 440.30 [1]). Upon such a record, we are of the view that a hearing should have been held to determine the validity of these allegations (CPL 440.30 [5]; see, People v Picciotti, 4 NY2d 340).

This result is not precluded by defendant having raised a similar claim of ineffective assistance of counsel in the direct appeal following his conviction. Ineffective assistant of counsel can usually be determined only after an evidentiary exploration under a CPL 440.10 motion and it is the rare occasion when such a claim can be resolved on direct appeal (see, e.g., People v Brown, 45 NY2d 852, 853-854). Under such circumstances, a rejection on direct appeal of a claim of ineffective assistance grounded on matters not appearing in the record should not prevent consideration on the merits of a later CPL 440.10 motion on similar grounds (see, e.g., People v Boans, 93 AD2d 1000), provided that the statutory requirements (CPL 440.30) are satisfied, as they are in this case.

Order reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.