■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS A. CRAMER, Appellant.—Mahoney, P. J. Appeal, by permission from an order of the County Court of Albany County (Turner, Jr., J.), entered November 19, 1986, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of burglary in the second degree, without a hearing.

On June 21, 1983, defendant was convicted upon a guilty plea of second degree burglary and was sentenced as a predicate felon to an indeterminate prison term of 5 to 10 years. The judgment of conviction was affirmed by this court (105 AD2d 1164) and leave to appeal to the Court of Appeals was denied (64 NY2d 779).

In October 1986, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction. County Court denied the motion without a hearing. Permission to appeal from such denial was granted by a Justice of this court.

The gist of defendant's motion was that he was denied the effective assistance of counsel because his attorney made no attempt to prepare a defense but simply negotiated a plea bargain and "coerced" defendant into agreeing to it. In support of his motion, defendant alleged that he informed his attorney of a number of mitigating facts including his assertions that he used to live in the house that he was charged with breaking into, certain items he was charged with removing did not belong to the complainant and other items were not of sufficient value to amount to grand larceny. Further, defendant alleges that his attorney negotiated a plea bargain with a sentence of an indeterminate prison term of 2½ to 5 years and urged him to plead guilty because he had no defense. At the time of the plea, a different Trial Judge refused to abide by the plea. Defendant alleged that his attorney simply negotiated another, less favorable, plea bargain with a prison sentence of 5 to 10 years and, again, urged him to accept it because he had no defense.

The allegations raise a triable issue of fact regarding the effectiveness of defendant's attorney (see, People v Welch, 108 AD2d 1020). Thus, a hearing was necessary to determine the validity of defendant's allegations (see, CPL 440.30 [5]; People v Picciotti, 4 NY2d 340, 344-345).

Order reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.