THIRD DEPARTMENT, FEBRUARY, 1989

(February 2, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. ERTEL, JR., Appellant.—Yesawich, Jr., J. Appeal, by permission, from an order of the County Court of Rensselaer County (Dwyer, Jr., J.), entered April 18, 1985, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of manslaughter in the first degree, without a hearing.

Defendant pleaded guilty to first degree manslaughter on February 3, 1983 pursuant to a negotiated plea agreement in satisfaction of an indictment charging him with second degree murder. Although furnished with oral and written notice of his right to appeal, defendant did not attempt to appeal until a year later when he applied unsuccessfully for an extension of time to do so. Defendant then made the instant motion claiming ineffective assistance of counsel, judicial error in accepting his plea, and that his sentence of 8⅓ to 25 years' imprisonment was harsh and excessive. County Court denied the motion finding that defendant's complaints could have been considered in a timely direct appeal and that defendant's failure to pursue such an appeal was unexcused (see, CPL 440.10 [2] [c]; 440.30 [2]). Defendant appeals, correctly arguing that his ineffectiveness of counsel claim is based on evidence dehors the record and thus a postconviction proceeding is the proper vehicle for pressing his claim (see, People v Brown, 45 NY2d 852, 853-854). Notwithstanding that the rationale relied upon by County Court was inappropriate, the result arrived at is nevertheless correct; hence, we affirm (see generally, 1 Newman, New York Appellate Practice § 3.03 [2]).

The fault defendant finds with his counsel's representation consists of counsel's alleged failure to adequately prepare his defense and use of that lack of preparation to coerce defendant into accepting the plea bargain offered. The record before County Court belies these claims; but even if they are deemed to be true, they do not constitute ineffective representation. Indeed, the only specific criticism of his trial counsel made by defendant that is not answered by the record is that counsel exacerbated the agitated state of defendant's father by reporting to the latter that he was unprepared for trial. Counsel then purportedly utilized the father's ill health as leverage for securing the plea. However, inexplicably, defendant submitted no affidavit from his father or someone comparably knowledgeable of the facts to support this assertion. In light of these circumstances, it was not error for County Court to summarily deny the motion (see, CPL 440.30 [4] [b], [d]; People v Friedgood, 58 NY2d 467, 473).

Order affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.