■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD C. MATTISON, Appellant.—Crew III, J. Appeals (1) from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered March 26, 1990, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the third degree, and (2) by permission,

from an order of said court, entered March 5, 1991 in Chemung County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In October 1989, pursuant to the terms of a search warrant, police seized a brown paper bag containing approximately 16 ounces of marihuana from a home in which defendant was temporarily residing. Defendant thereafter signed a confession admitting that the marihuana was his. Defendant then consented to the filing of a superior court information charging him with criminal possession of marihuana in the second degree. Upon receipt of a State Police laboratory report indicating that the marihuana weighed slightly less than 16 ounces, an insufficient amount to support the charge contained in the superior court information, defendant pleaded guilty to criminal possession of marihuana in the third degree and was sentenced as a predicate felon to an indeterminate term of imprisonment of 1½ to 3 years. Defendant then moved pursuant to CPL 440.10 to vacate the judgment of conviction and County Court denied his motion without a hearing. Defendant appeals from his conviction and the denial of his motion to vacate the judgment on the ground of ineffective assistance of counsel.

On his appeal from the judgment of conviction, defendant assigns two reasons for trial counsel's ineffectiveness. First, he argues that the laboratory report reflecting less than 16 ounces of marihuana should have prompted counsel to move to dismiss the superior court information. However, one might better conclude that rather than seeking a Pyrrhic victory only to find his client recharged with the correct offense of criminal possession of marihuana in the third degree, counsel sought a plea bargain to that charge. This can only be viewed as a tactical decision which does not amount to ineffective assistance of counsel (see, People v Satterfield, 66 NY2d 796). Second, defendant contends that counsel was not diligent enough in pursuing his suppression motions. We disagree. The record is clear that counsel timely moved to suppress the physical evidence seized as well as the confession taken from defendant, but that defendant pleaded guilty before hearings were conducted. By pleading guilty defendant waived the suppression issues he now asserts on appeal (see, People v Fernandez, 67 NY2d 686). Accordingly, we would affirm the judgment of conviction.

Upon his application to vacate the judgment of conviction defendant, by sworn allegations, averred that his attorney

advised him that he should plead guilty to criminal possession of marihuana in the third degree in order to avoid conviction of the crime charged and thus be sentenced to seven years in prison. Defendant further averred that when he pointed out to counsel that the laboratory report revealed that he possessed less than the requisite amount of marihuana necessary for a conviction of possession in the second degree, he was told that he would nevertheless be convicted of that offense and sentenced to seven years in prison if he did not plead to criminal possession of marihuana in the third degree. Defendant claims that he pleaded guilty based upon that advice. Those allegations raise a triable issue of fact regarding the effectiveness of defendant's attorney (see, People v Welch, 108 AD2d 1020) and a hearing was thereby required to determine the validity of the allegations (see, People v Cramer, 133 AD2d 880, lv denied 70 NY2d 1005).

Mikoll, J. P., Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this court's decision.