(June 9, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY N. SHIELDS, JR., Appellant. [613 NYS2d 281] —Yesawich Jr., J. Appeals (1) from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered December 16, 1991, convicting defendant upon his plea of guilty of the crime of robbery in the first degree, (2) by permission, from an order of said court (Kepner, Jr., J.), entered March 2, 1993, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing, and (3) by permission, from an order of said court (Kepner, Jr., J.), entered May 10, 1993, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following the judgment of conviction, without a hearing.

On October 29, 1991, defendant, who was awaiting trial of a three-count indictment charging him with robbery in the first degree, criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, pleaded guilty to one count of robbery in the first degree in full satisfaction of the indictment, for which he received, as a second felony offender, an agreed-upon prison sentence of 7½ to 15 years. Despite having explicitly waived his right to appeal as part of the plea bargain, defendant now appeals his conviction, asserting that he was improperly denied the right to represent himself and that he was, in essence, forced to plead guilty.

Eleven months after he was sentenced, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction, claiming that his attorney's improper conduct in the days immediately preceding his guilty plea amounted to ineffective assistance, as a result of which he was forced to enter that plea. He also brought a motion pursuant to CPL 440.20 wherein he contended that he had not been properly adjudicated a second felony offender. County Court denied both motions, observing that, because defendant had appealed his

conviction, all of the matters at issue therein would be brought up for review before the Appellate Division in conjunction with defendant's direct appeal (see, CPL 440.10 [2] [b]). Defendant also appeals these rulings.

As a preliminary matter, it is necessary to determine the extent to which defendant's waiver of his right to appeal, which the record clearly establishes was knowingly, intelligently and voluntarily made (see, People v Seaberg, 74 NY2d 1, 11), precludes consideration of the issues he has raised. Unlike the denial of the right to a speedy trial, to which defendant would have us analogize, denial of the right to proceed pro se is not "inherently coercive" (see, People v Callahan, 80 NY2d 273, 282), particularly where, as here, it appears from the record underlying the direct appeal that defendant's right to due process was safeguarded by counsel assigned to represent him (see, People v McIntyre, 36 NY2d 10, 17). Nor can any support be found in that record for defendant's contention that County Court's refusal to permit him to conduct his own defense affected the plea bargaining process or the voluntariness of his plea (see, People v Bethany, 182 AD2d 1084, lv denied 80 NY2d 828). In sum, defendant's direct appeal is wholly precluded by his waiver.

Regarding the postconviction motion made pursuant to CPL 440.10, we find merit in defendant's contention that County Court erred in denying the relief sought without first holding a hearing. In support of his claim of ineffective assistance of counsel,* defendant submitted his own affidavit and that of his codefendant, Diane Perkins, in which they aver—and there are no countervailing averments—that on the day before defendant entered his guilty plea, defendant's then-counsel met with Perkins and coerced her into accepting a plea bargain that required her to make a sworn statement implicating defendant in the charged crimes, which could then be used to impeach her if she were to testify on his behalf at trial. Defendant maintains that because he was relying on Perkins' testimony to establish that he was not a participant in the crime, and his attorney was aware of this defense strategy, the attorney was not acting in defendant's best interest in attempting to convince Perkins to accept such a bargain, and that this profoundly improper conduct effectively

---

* The other grounds asserted as bases for vacating the judgment of conviction are not addressed, as they are matters which may be resolved by reference solely to the record on direct appeal—and therefore are not properly raised by a postconviction motion—with respect to which, as already noted, defendant waived his right to appeal.

removed any possibility that defendant could prevail at trial, thus forcing him to plead guilty to a crime that he claims he did not commit.

As these sworn allegations involve matters which do not appear in the record, they were properly brought to County Court's attention by means of a postconviction motion *(see, People v Banks,* 117 AD2d 611, *lv denied* 67 NY2d 939; *People v Welch,* 108 AD2d 1020, 1021), and it was therefore injudicious for County Court to deny the motion solely on the basis that they would be addressed on appeal *(see, People v Ertel,* 147 AD2d 728, 729, *lv denied* 74 NY2d 739).

Moreover, if they are shown to be true, these assertions could support a finding that defendant was indeed deprived of the meaningful representation to which he was entitled *(see, People v Ortiz,* 76 NY2d 652, 655-656). Because the claimed conduct assertedly affected the plea-bargaining process itself, and had a direct bearing on the voluntariness of defendant's plea, his waiver of the right to appeal is not an impediment to his obtaining vacatur of the conviction on these grounds *(see, People v Ferguson,* 192 AD2d 800, *lv denied* 82 NY2d 717). Although defendant's allegations are contradicted by his statements, on the record, that he was in no way coerced into entering a guilty plea, and that he was satisfied with the representation provided by his attorney, it cannot be said that this alone is sufficient, in view of all the attendant circumstances, to support a finding that there is "no reasonable possibility" that defendant's claims are true (CPL 440.30 [4] [d]; *compare, People v Mills,* 194 AD2d 1016, 1016-1017, *lv denied* 82 NY2d 899). Given the nature of the non-record facts presented, a hearing should have been held to address the merits of the motion, at least insofar as it is directed to matters affecting the voluntariness of defendant's guilty plea *(see, People v Ferreras,* 70 NY2d 630, 631; *People v Cramer,* 133 AD2d 880, 881, *lv denied* 70 NY2d 1005).

As for defendant's motion to vacate his sentence, it suffices to note that the record fully supports County Court's summary denial of that motion, for it discloses that after being informed of the contents of the prior felony statement—reflecting his 1984 conviction—and of his right to contest the allegations contained therein, defendant admitted the prior conviction *(see, People v Andre,* 132 AD2d 560, *lv denied* 70 NY2d 797; *People v Raney,* 131 AD2d 901, 902, *lv denied* 70 NY2d 754).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment and the order entered May 10,

1993 are affirmed. Ordered that the order entered March 2, 1993 is reversed, on the law, and matter remitted to the County Court of Otsego County for further proceedings not inconsistent with this Court's decision.

