■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY N. SHIELDS, JR., Appellant. [637 NYS2d 523] —Yesawich Jr., J. Appeal, by permission, from an order of the County Court of Otsego County (Humphreys, J.), entered October 28, 1994, which dismissed defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of robbery in the first degree.

Defendant pleaded guilty to robbery in the first degree in October 1991. This Court ultimately considered his appeal from the judgment of conviction, as well as his appeals from the denial of his postconviction motions made pursuant to CPL 440.10 and CPL 440.20 (205 AD2d 833), and concluded that the County Judge then presiding improperly denied defendant's CPL 440.10 motion alleging ineffective assistance of counsel without a hearing. The matter was remitted to County Court for that purpose. New counsel was appointed to represent defendant and all the relevant witnesses were gathered for a hearing on October 7, 1994, at the commencement of which defendant indicated to the court that he did not feel ready to proceed—he asserted that he was disoriented from the effects of tobacco withdrawal and also that he believed his counsel was not adequately prepared for the hearing. County Court thereupon questioned defendant and his counsel at length, after which the court informed defendant that it found his complaints baseless and that, if defendant persisted in his determination not to proceed, the court would dismiss the motion with prejudice. Defendant persisted and, as promised, County Court dismissed the motion. Defendant appeals.

We affirm. Examination of the transcript of the proceedings of October 7, 1994 discloses that County Court acted appropriately. Although defendant reiterates his claims that he was coerced into withdrawing his motion because his attorney was unprepared, we are not convinced (*see*, *People v Ertel*, 147 AD2d 728, 729, *lv denied* 74 NY2d 739; *cf.*, *Matter of Jeffrey V.*, 82 NY2d 121, 126; *People v Ramos*, 155 AD2d 252, 253, *lv denied* 75 NY2d 816). Specifically, defendant maintains that his attorney could not adequately represent him at the hearing

because he had not spent sufficient time conferring with defendant before the hearing, and had not spoken with defendant's main witness in person. However, the record reveals that defense counsel corresponded with defendant, met with him a few days before the hearing and was available to consult further, but defendant did not see fit to utilize that opportunity. And, although defense counsel apparently had some difficulty locating the witness to whom defendant refers, he had been able to review her detailed affidavit, had secured her presence in court for the hearing and was prepared to elicit the testimony necessary to advance defendant's position. We find no reason to disturb County Court's findings, based on its own first-hand observation of the witnesses and circumstances involved, that defendant was competent to participate in the hearing and that his counsel was adequately prepared to go forward.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed.