THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MERLE R. DYE, Defendant.

County Court, Niagara County, September —, 1929.

*Raymond A. Knowles, District Attorney,* for the plaintiff.

*Augustus Thibaudeau,* for the defendant.

GOLD, J. The defendant in this action has been indicted by the grand jury of Niagara county for the crime of grand larceny, first degree.

The indictment contains two counts charging the defendant with such crime as follows:

" I. In taking a check for $2,784.40, made by Sylvanus P. Nye, to the order of Leslie R. Robinson, and indorsed by him.

" II. In said Dye, then being the servant, agent, employee and bailee of Aloysius F. Leuthe, did appropriate a check for $2,784.40 to his own use with intent to appropriate it and defraud said Leuthe of it."

Defendant moves for a dismissal of the indictment upon the grounds that the evidence before the grand jury is wholly insufficient to sustain the same and that there was no legal, competent evidence before the grand jury upon which it could charge the defendant with the crime of grand larceny, first degree.

During the year 1923 Aloysius F. Leuthe and the defendant entered into an agreement to buy vacant property in the city of Niagara Falls and build houses thereon. Leuthe agreed to furnish the money, take care of the accounts, pay the bills and look after the books. Defendant agreed to supervise the building operations, hire the men, be on the job part of the time, do the estimating and sell the property. It was agreed that all funds should be deposited in the bank in the name of Aloysius F. Leuthe and title taken in his name. Profits were to be divided on the basis of fifty per cent to each. Sixteen houses were erected. A number of houses were sold on land contracts with a small down payment. This situation applied with reference to the sale of a house to one Stewart D. Painter.

Defendant arranged to get money out of these places by obtaining loans on first mortgages and taking second mortgages on the balances.

A first mortgage loan was secured on the Painter property which netted the sum of $2,784.40, and the same was deposited in the account of the defendant instead of that of Leuthe. It was for this transaction that the indictment was returned.

Defendant contends that at that time the relation of partnership existed between Leuthe and the defendant and that defendant cannot be convicted of larceny because it would be in the nature of stealing his own property.

Defendant supports his contention upon admissions made by Leuthe in an answer served in an action entitled: " Supreme Court — Niagara County. Merle R. Dye, Plaintiff, v. Aloysius F. Leuthe, Defendant," the same being an action for an account-

ing of the partnership claimed by the defendant in this action to exist.

Plaintiff in that action, who is the defendant in this action, among other things alleges: " *Second.* That about the 1st day of July, 1922, the plaintiff and the defendant entered into a copartnership agreement, for the purpose of engaging in the business of buying and selling real estate; building and erecting dwellings and garages thereon and selling them; which was to continue for an indefinite period, and to which the defendant was to and did contribute the use of upwards of ten thousand ($10,000.00) dollars capital, and plaintiff was to, and did, purchase and sell the real estate and was to and did plan, erect and construct dwelling houses and garages upon the real estate to be purchased by said partnership and that the title to said real estate was to be in the name of the defendant, and that the plaintiff and defendant should receive one-half ($\frac{1}{2}$) of the net profits and that upon dissolution or termination of the partnership the defendant was to be repaid the amount of his advances so to be contributed by him and balance of moneys was to be divided between and paid to the parties hereto."

Defendant in said civil action in his answer admits the truth of said allegation in the complaint.

Defendant as a defense to said accounting action alleges among other things: " And for a further defense therein, this defendant alleges that the copartnership agreement between the parties hereto contemplated that defendant was to receive interest upon the moneys advanced by him to said partnership, and that on or about the 31st day of January, 1926, the parties hereto met and by their accountant prepared a mutual statement of the acts and business of said partnership, affairs and transactions to that date, upon the detailed information in relation thereto furnished by the plaintiff herein, and a balance of the shares and interests of said partners in said partnership was then duly had and determined between them, and said partnership was then and there mutually dissolved by the consent and acts of the parties hereto, and its business and affairs thereupon concluded, and its tools and other equipment used in its said business taken over by said plaintiff and charged to his account in said statement, at his request, and that he ever since has had the exclusive use and possession thereof. That subsequent thereto this defendant discovered that said plaintiff had failed and neglected to furnish any information as to certain additional moneys which he had received and collected, for and on behalf of said partnership, and to in any wise charge himself therewith, wherein and whereby he misled and deceived this defendant, and misappropriated said additional moneys to his own use, without the knowledge and consent of this defendant."

It is claimed in this criminal action that the Painter money was taken on or about August 15, 1924.

I, therefore, hold that a copartnership existed between the parties on that date.

" During the course of the charge the jury was instructed if they found there was an actual partnership between Dahut and the defendant, ' that they had actually entered into partnership, in that transaction, it is a rule of law that, even though one partner misappropriates the money of a partnership, he does not steal it from his partner, because the interests of copartners are joined [joint]; they are not severed, in so far as a criminal transaction is concerned.' " (*People* v. *Hart*, 114 App. Div. 9, 13.)

" While legally incorrect to describe the fraudulent abstractions made by Gilman of the funds of the firm as embezzlements, the description is harmless. It was a monstrous and gross breach of the duty he owed the firm, and the right of the firm to follow the funds is not affected because the act could not be regarded in law as an embezzlement." (*Holmes* v. *Gilman*, 138 N. Y. 369, 377.)

I think the rights of Leuthe, if any, are the same as those of the plaintiff in the case last above cited, and the grand jury was not justified in returning the indictment for grand larceny, first degree, against this defendant.

The indictment is, therefore, dismissed.