OPINION OF THE COURT
. Marvin I. Goodman, J.
Defendant Joseph O’Brien is charged with violating section 155.25 of the Penal Law, petit larceny, a class A misdemeanor. By the present motion, defendant seeks dismissal of the information upon the grounds that it, and the supporting deposition, are insufficient as a matter of law.
The District Attorney’s version of the facts is as follows: Complainant Malcolm Parisi and the defendant had agreed in August, 1978, to operate a luncheonette-pizzeria business. This business was to be operated in corporate form. On August 11, 1978, Parisi and O’Brien agreed to incorporate and, on August 21, 1978, a corporation known as O’Brien and Parisi Corporation came into existence. The shares of Joseph O’Brien in this *247 corporation were held in escrow pending his meeting a condition precedent, which was that O’Brien, who had operated the Golden Tornado Luncheonette under the name of O’Brien & Santora Corporation, was to buy out his late associate’s widow, Antoinette Santora, before reorganizing under the name of O’Brien & Parisi Corporation. Not having satisfied this requirement, the defendant persuaded Mr. Parisi to open a joint bank account in connection with their business venture on or about August 11, 1978.
It is further alleged that from August 23 until October 12, 1978, moneys were taken from this account and misappropriated by the defendant. Having discovered defendant’s alleged misdeeds, Parisi swore out the criminal complaint herein.
The information herein contains the following recital: "Defendant stole certain property from Mr. Malcolm Parisi”, while the supporting deposition states that Parisi "invested approximately $40,000 (a portion of which was allegedly stolen by defendant) in a joint business venture”. (Emphasis added.) It is defendant’s contention that one joint or common owner (Penal Law, § 155.00, subd 5) such as a partner (People v Hart, 114 App Div 9; People v Dudley, 97 NYS2d 358; People v Dye, 134 Misc 689; see, also, Ann. 82 ALR3d 822) or joint venturers cannot legally "steal” from another.
Whether or not the information and supporting deposition herein are legally sufficient is, in the court’s view, discernible upon resolution of one simple question; to wit: From whom or what entity were the funds misappropriated?
The fundamental inquiry herein is whether the characterization of defendant’s transgressions (as found in the information, supporting deposition and pleadings herein) will support a charge of "larceny”. In that regard, the court’s attention has been directed to the definition of larceny contained in our Penal Law. Subdivision 1 of section 155.05 provides in pertinent part: "A person * * * commits larceny when * * * he wrongfully takes * * * property from an owner thereof.” (Emphasis added.) Defendant takes the position that complainant was not the "owner” (see Penal Law, § 155.00, subd 5), within the meaning of our law, of the funds on deposit in the joint account. The People, predictably, contended that either complainant or O’Brien & Parisi Corporation was the owner of the funds. The dispute, therefore, which is the focus of this motion concerns complainant’s status as an "owner” of property which is susceptible of larcenous misappropriation.
*248 The defendant’s contention, with which the court must concur, is that the complainant is not an "owner” within the meaning of subdivision 5 of section 155.00 of the Penal Law. This statute provides the following definition of "owner”: "When property is taken * * * an 'owner’ thereof means any person who has a right to possession thereof superior to that of the taker * * * [a] joint or common owner of property shall not be deemed to have a right of possession thereto superior to that of any other joint or common owner thereof’. Upon consideration of the arguments of respective counsel, it is the court’s conclusion that complainant’s possessory interest in the joint account was not superior to that of the defendant and, accordingly, the information is deemed fatally defective.
In connection with this motion, the District Attorney and defendant’s counsel have presented exhaustive arguments, both legal and factual, in an effort to categorize the possessory interest in dispute. Identifying the "ownership” of the fund in question, vis-á-vis the interest of defendant, the complainant, an alleged joint venture and a corporation, has been the preoccupation of respective counsel. The fund has been described as belonging to: a joint business venture, complainant, individually, a corporation and/or the subject of joint ownership of complainant and defendant. In fact, it would appear that the latter contention is uncontroverted by either party, and it, incidentally, is the basis for the court’s decision.
Evaluation of the afore-mentioned characterizations of the possessory interest herein reveals as follows:
(1) The theft was not "from Malcolm Parisi” individually, as his possessory interest could not have been individual by virtue of the common interest created by the deposit of funds in a joint bank account. (See Banking Law, § 675; 13 NY Jur, Cotenancy and Joint Ownership, § 5.)
(2) The theft was not from "O’Brien & Parisi Corporation.” The funds were not on deposit within a corporate account. In addition, the People have not demonstrated to the court’s satisfaction that said corporation was the legal or equitable owner of these funds. In fact, upon the same page of the people’s affirmation in opposition we find a contention which contradicts a claim of corporate ownership. Furthermore, assuming, arguendo, the funds belonged to the corporation and stolen therefrom, the information and deposition would not support such a charge (as conceded by the District Attorney’s request to amend the information).
*249 (3) It would appear that the funds were stolen from a joint business venture, however, the court’s decision is, more specifically, founded upon the status of the fund in a joint account.
The deposit of funds in the name of two individuals created a joint or common interest therein (Banking Law, § 675) which, in the opinion of the court, is the kind of joint possessory interest contemplated within subdivision 5 of section 155.00 of the Penal Law that is not susceptible of larcenous misappropriation by a joint owner. (Ann. 17 ALR3d 1394; 1 Marks & Paperno, Criminal Law in New York Under the Revised Penal Law [2d ed], § 323.) In so holding the court notes the following statement contained within the Practice Commentary to section 155.00 of the Penal Law (Hechtman, McKinney’s Cons Laws of NY, Book 39, Penal Law, p 104): "Since one who holds a joint or common interest in property does not have an interest therein superior to that of another joint or common owner, it has long been the law of New York that one cannot legally 'steal’ from the other”.
This doctrine, having been recognized by the District Attorney, has been characterized as "artificial and anachronistic”. However, it would appear to the court to be the applicable rule of law and, as such, in the absence of compelling authority otherwise, is followed herein.
Accordingly, the motion to dismiss is granted and the information is dismissed.