■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN FREEMAN, Appellant. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, in accordance with the following memorandum: Defendant was convicted of four counts of criminal possession of a forged instrument in the second degree (Penal Law, § 170.25), one count of grand larceny in the third degree (Penal Law, § 155.30, subd 1) and three counts of petit larceny (Penal Law, § 155.25), all resulting from unauthorized purchases of groceries and cigarettes he made at various Star Supermarkets using credit cards issued by his employer, the Montgomery Neighborhood Center (MNC). The convictions for criminal possession of a forged instrument, second degree, must be reversed and those four counts of the indictment must be dismissed. In each of the transactions at issue, the defendant presented himself as Charles Taylor and signed each special account form and credit receipt as Charles Taylor. Under common law, "one who executes an instrument purporting on its face to be executed by him as agent of a principal therein named, when in fact he has no authority from such principal to execute such instrument, is not guilty of forgery * * * but merely a false and fraudulent assumption of authority" (37 CJS, Forgery, § 8). Since the defendant was both the ostensible and the actual maker of the credit transactions, there was no forgery (see *People v Briggins,* 50 NY2d 302; *People v Levitan,* 49 NY2d 87). Defendant's convictions for one count of grand larceny in the third degree and three counts of petit larceny are amply supported in the record and should be affirmed. A person who obtains possession of property by false representations as to his purpose or intention is guilty of larceny (Penal Law, § 155.05, subd 2, par [a]; see *People v Keeffe,* 50 NY2d 149, 155; *Sacks v Hartford Ins. Co.,* 68 AD2d 48, 50; cf. *People v Rooney,* 57 NY2d 822, 823). Defendant's objections to the court's charge were not preserved for our review (see *People v Farruggia,* 41 AD2d 894, 895; cf. *People v Patterson,* 39 NY2d 288, 294-295). We have considered defendant's remaining arguments and find them lacking in merit. (Appeal from judgment of Monroe County Court, Celli, J. — criminal possession of forged instrument.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.