■ In the Matter of JONATHAN Z., a Person Alleged to be a Juvenile Delinquent, Appellant. [778 NYS2d 72]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of the Family Court, Kings County (Hepner, J.), dated May 2, 2003, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree, attempted robbery in the third degree, attempted grand larceny in the fourth degree, attempted assault in the third degree, and menacing in the third degree, and (2) an order of disposition of the same court dated July 8, 2003, which, upon the fact-finding order, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of up to 18 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is reversed, on the facts, without costs or disbursements, the fact-finding order is vacated, the petition is dismissed, and the appellant's record is sealed pursuant to Family Court Act § 375.1.

This Court accords great deference to the factual findings of the Family Court and will disturb such findings only if they are clearly unsupported by the record since the Family Court is in the best position to evaluate the testimony of the witnesses (*see Matter of Dennis G.,* 294 AD2d 501 [2002]; *Matter of Stafford B.,* 187 AD2d 649, 650 [1992]).

Here, the record does not support the Family Court's factual findings and its adjudication of the appellant as a juvenile delinquent. Initially, the Family Court suppressed the complainant's identification testimony of the appellant, finding, inter alia, that the complainant's station house identification of the appellant was tainted by an improper police procedure and that there was no independent source for an in-court identification of the appellant by the complainant. At the fact-finding hearing, the complainant was unable to provide a description of the appellant's facial features or any other distinguishing characteristics to suggest that the appellant was a perpetrator. Further, at the fact-finding hearing, the testimony of an eyewitness to the incident was clearly inconsistent and contradictory to the testimony provided by the complainant. Thus, the findings of the Family Court were against the weight of the evidence (*see Matter of Kyle O.,* 205 AD2d 541 [1994]).

The appellant's remaining contention is academic in light of our determination. Florio, J.P., Adams, Cozier and Fisher, JJ., concur.