■ In the Matter of ANTHONY W., Appellant. [858 NYS2d 680]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Simeone, J.), dated August 1, 2007, which, upon a corrected fact-finding order of the same court dated August 1, 2007, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of leaving the scene of an accident involving an all-terrain vehicle under Vehicle and Traffic Law § 2413, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months under stated terms and conditions. The appeal brings up for review the corrected fact-finding order dated August 1, 2007.

Ordered that the order of disposition is reversed, on the law and the facts, without costs or disbursements, the corrected fact-finding order is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Suffolk County, for further proceedings pursuant to Family Court Act § 375.1.

On April 1, 2006, at approximately 2:00 P.M., Suffolk County Park Police Officer Kevin O'Connor was patrolling the

"Setauket Woods" with his partner, Anthony Mills. While issuing a summons to a dirt-bike rider, O'Connor and Mills heard three all-terrain vehicles (hereinafter ATV), or quads, off in the distance. When the ATVs emerged from the woods, Mills gave chase on his ATV. Two of the ATVs, which both O'Connor and Mills described as blue and black, respectively, split off from a third rider, who was on a yellow ATV and wearing a yellow helmet. Mills continued chasing the riders of the blue and black ATVs while the rider of the yellow ATV proceeded up a hill toward O'Connor. O'Connor waved for that rider to stop, but, instead, the rider accelerated toward O'Connor and struck him. O'Connor was flipped in the air and as he came down, his knees and ankles struck the ATV's handlebars. Grabbing onto the rider's shirt, O'Connor was dragged until his arm went under the back tire and he fell to the ground. The rider of the yellow ATV did not stop. While on the ground, O'Connor noticed that the yellow ATV had left grooved tire track marks.

After a fact-finding hearing, the Family Court found that the appellant committed an act which, if committed by an adult, would have constituted the crime of leaving the scene of an accident involving an all-terrain vehicle under Vehicle and Traffic Law § 2413. On appeal, the appellant contends that the Family Court's adjudication was based on legally insufficient evidence of identification and contrary to the weight of the evidence. We agree.

Even when viewed in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), the evidence of identification presented at the fact-finding hearing was legally insufficient. Neither park police officer could identify the rider of the yellow ATV. They could only state that he was on a yellow ATV and wearing a yellow helmet. The other two witnesses who were called to testify, both of whom regularly rode their ATV with the appellant, could not specifically recall riding that day. Moreover, they identified their ATVs as being, respectively, red and white, which was in contrast to the testimony of O'Connor and Mills, who indicated that those ATVs were black and blue. While one of the witnesses recalled an incident where a "man . . . in regular clothes" jumped out at the three riders, he could not recall when that incident occurred. Moreover, that witness's testimony of a "man . . . in regular clothes" did not describe O'Connor and Mills, who were wearing a "class C uniform," which included two park police patches and a shield, and a full gun belt. Therefore, since the only evidence linking the appellant to the scene of the incident was the fact that he regularly rode a yellow ATV while wearing a yellow

helmet, the Family Court's determination that he committed the act charged was based on legally insufficient evidence.

We note that the Family Court's determination was, in any event, against the weight of the evidence (see *Matter of Jonathan Z.*, 8 AD3d 397 [2004]; *Matter of Kyle O.*, 205 AD2d 541 [1994]; cf. *People v Romero*, 7 NY3d 633 [2006]). In addition to the foregoing, on the appellant's case, he presented evidence that there was no damage to his yellow ATV. Moreover, the yellow ATV was outfitted with knobbed or "holeshot" tires, which were not the type of tire track marks O'Connor testified to. Finally, the appellant presented two alibi witnesses who testified that the appellant was with them at the time of the incident. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.