■ In the Matter of Christian E., a Child Alleged to be a Juvenile Delinquent, Appellant. [891 NYS2d 461]—

After a fact-finding hearing, the Family Court found that, during a seventh-grade shop class, the appellant committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the second degree and sexual abuse in the third degree.

An element of the crimes of sexual abuse in the second and third degrees is that one must subject another person to "sexual contact" (Penal Law §§ 130.55, 130.60). "Sexual contact" is defined as "any touching of the sexual or . . . intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]).

Here, in light of the testimony of a classmate that no part of the appellant's body was touching the complainant's body during the subject incident, and in light of the complainant's testimony that the appellant was not "putting pressure" on her body during the incident, the credible evidence did not support a finding that the appellant touched the complainant's sexual or intimate parts. Thus, we agree with the appellant that the Family Court's determination was against the weight of the evidence (*see Matter of Anthony W.,* 51 AD3d 808, 810 [2008]; *Matter of Jonathan Z.,* 8 AD3d 397, 398 [2004]; *Matter of Kyle O.,* 205 AD2d 541, 543 [1994]). Accordingly, we reverse the order of disposition insofar as reviewed, vacate the fact-finding order, and dismiss the juvenile delinquency petition (*see* CPL 470.20 [5]).

In light of our determination, we need not reach the appellant's remaining contentions. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.