■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT CARANDANG, Appellant. [937 NYS2d 229]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant embezzled money from his employer by making unauthorized use of the firm's credit card and checking account for his own benefit.

Defendant argues that his use of the credit card was not a taking of "property" under Penal Law § 155.00 (1). However, as defendant concedes, his actions caused his employer to become indebted to the bank that issued the credit card. Thus, defendant deprived his employer of property in the amount of that indebtedness (*see People v Parker*, 91 AD3d 423 [2012]).

Defendant also argues that his use of the checking account was not a taking from an "owner" under Penal Law § 155.00 (5), because defendant and his employer allegedly had equal possessory interests in the firm's checking account. However, the evidence established that the employer permitted defendant to be an authorized signer on the checking account for business purposes only; defendant was not granted any interest in the firm's funds (*compare People v O'Brien*, 102 Misc 2d 246 [Nassau Dist Ct 1979] [taking from joint bank account by one of the joint owners is not larceny]). Regardless of whether defendant and the employer had equal access to the account as far as the bank was concerned, the employer's testimony made it clear that the employer's right of possession was, at the very least, greater than defendant's. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Román, JJ.