The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (see Matter of Shaquary B., 110 AD3d 1065 [2013]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic (see Family Ct Act § 783; Matter of Darnell G., 106 AD3d 906, 906-907 [2013]; Matter of Christian E., 68 AD3d 1109 [2009]).
The Family Court has broad discretion in determining the appropriate disposition in a juvenile delinquency proceeding (see Matter of Racheal M., 108 AD3d 770, 771 [2013]; Matter of W.E., 107 AD3d 988 [2013]; Matter of George R., 104 AD3d 949 [2013]). Contrary to the appellant’s contention, the Family Court providently exercised its discretion in adjudging him to be a juvenile delinquent, since a preponderance of the evidence supported the court’s determination that he required “supervision, treatment or confinement” (Family Ct Act § 352.1 [1]; see Matter of Richard H., 99 AD3d 1005 [2012]; Matter of Janay P., 11 AD3d 697 [2004]).
The appellant’s contention that dismissal of the petition pursuant to Family Court Act § 315.2 is warranted is not properly before this Court. Skelos, J.E, Leventhal, Lott and Cohen, JJ., concur.