■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD M. JACKSON, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 16, 1985, upon a verdict convicting defendant of the crime of forgery in the second degree.

The conduct for which defendant stands convicted of forgery was the signing of a bank account agreement under the assumed name "Frank J. Schmidt", obtained with the aid of a New Jersey driver's license in that name, for the purpose of opening checking and savings accounts in Empire of America Bank. The accounts were apparently created to enable defendant to engage in a check-writing scam. The scam did not involve the counterfeiting of someone else's signature, but rather, the adoption of a second identity and the cashing of insufficiently funded checks issued by one identity to the other, namely, by passing checks made by defendant in the name of Gerald M. Jackson payable to himself as Frank J. Schmidt, or vice versa. In written statements given to police, defendant asserted that he obtained the New Jersey driver's license from a real Frank J. Schmidt, who suggested the check-writing scheme that defendant embarked upon in New York's Capital District. Defendant appeals his conviction arguing that the mere act of opening the bank accounts under an assumed name, even though accompanied by a criminal purpose, does not constitute forgery in that he did not "falsely make" the instrument *(see,* Penal Law § 170.00 [4]). We agree.

To be guilty of forgery in the second degree, the People must prove, as they have charged, that with intent to defraud and deceive or injure the bank, defendant falsely made a written instrument, in this instance the bank account agreement *(see,* Penal Law § 170.10). The essence of this crime is the making, altering or completing of an instrument by someone other than the ostensible maker or his agent *(People v Levitan,* 49 NY2d 87, 90). The evidence at trial was that when defendant signed the account agreement he, in fact, held himself out as Frank J. Schmidt; he did nothing to suggest Frank J. Schmidt was the name of someone else (thus, the

question of whether a real Frank J. Schmidt gave him authority to act on his behalf is irrelevant), nor did defendant do anything, directly or indirectly, to indicate that anyone but he was the ostensible maker and signer of the bank account agreement. Inasmuch as defendant was both the ostensible and the actual maker of the application, whatever other crime may have been committed thereby, the procurement of these bank accounts was not the product of forgery within the contemplation of the Penal Law *(see, People v Briggins,* 50 NY2d 302, 307-308; *People v Freeman,* 99 AD2d 648).

Judgment reversed, on the law and the facts, and indictment dismissed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.