■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. PERRON, Appellant. [710 NYS2d 134] —Peters, J. Appeal, by permission, from an order of the County Court of Washington County (Berke, J.), entered June 29, 1999, which, *inter alia*, denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of attempted murder in the second degree, rape in the first degree, sodomy in the first degree (two counts), assault in the first degree and assault in the second degree, without a hearing.

Defendant was convicted of the aforementioned crimes following a jury trial and was sentenced, as a second felony of-

fender, to consecutive sentences resulting in an aggregate prison term of 25 to 50 years. His appeal to this Court was unsuccessful (172 AD2d 879, *lv denied* 77 NY2d 999). Eight years later, he moved for an order vacating the judgment of conviction pursuant to CPL 440.10 and for an order setting aside his sentence pursuant to CPL 440.20. County Court denied the motions without a hearing. Defendant appeals.

We find merit to defendant's contention that County Court erred in denying his CPL 440.10 motion without a hearing. In support of his motion, defendant submitted, *inter alia*, the affidavit of his trial counsel which states that prior to trial, she advised him that the District Attorney offered to recommend a prison sentence of 7½ to 15 years in exchange for his plea. She further admitted that she mistakenly advised him that the maximum prison sentence after trial was 12½ to 25 years and that concurrent sentences were mandatory. Defendant's affidavit indicates that he proceeded to trial based upon this erroneous information and, had he been correctly informed that a guilty verdict would expose him to a potential prison sentence of 25 to 50 years, he would have accepted the plea offer. In our view, these contentions were sufficient to raise questions of fact requiring a hearing on the motion (*see*, CPL 440.30 [5]; *United States v Gordon*, 156 F3d 376; *Boria v Keane*, 99 F3d 492, *cert denied* 521 US 1118; *People v Ferreras*, 70 NY2d 630, 631; *see also, People v Gonzalez*, 160 AD2d 724).

Turning to defendant's motion to set aside the sentence pursuant to CPL 440.20, we are similarly persuaded that County Court's summary denial was improper. Defendant's motion papers assert that his prior conviction in Vermont for sexual assault was predicated upon acts he performed when he was 19 years old and the victim, his girlfriend, was 15. As these acts would not have been considered a felony in this State (*see*, Penal Law § 130.25 [2]), but rather misdemeanor sexual misconduct (*see*, Penal Law § 130.20 [1]), he contends that the Vermont conviction could not have served as a predicate felony under Penal Law § 70.06. While the People are correct in their assertion that the Vermont plea sheet did not contain the age of the victim, they failed to proffer any evidence to refute defendant's contention. Moreover, defendant's trial counsel admitted that she failed to investigate this issue and never contested his status as a prior felony offender. Upon this showing, a hearing on the motion was required (*see, People v Modica*, 64 NY2d 828; *People v Sasso*, 176 AD2d 410; *People v Stinson*, 151 AD2d 842).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur.

Ordered that the order is reversed, on the law, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision.