◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. PERRON, Appellant. [731 NYS2d 512] —Peters, J. Appeal, by permission, from an order of the County Court of Washington County (Berke, J.), entered October 18, 2000, which, *inter alia*, denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of attempted murder in the second degree, rape in the first degree, sodomy in the first degree (two counts), assault in the first degree and assault in the second degree, after a hearing.

In August 1989, defendant was convicted, following a jury trial, of each of the aforementioned crimes and was sentenced, as a second felony offender, to consecutive terms of imprisonment resulting in an aggregate sentence of 25 to 50 years. His appeal to this Court was unsuccessful (172 AD2d 879, *lv denied* 77 NY2d 999).

In May 1999, defendant moved for an order vacating the judgment of conviction pursuant to CPL 440.10 and for an order setting aside the sentence pursuant to CPL 440.20. County Court denied the motion without a hearing and defendant successfully challenged the denial (273 AD2d 549). Upon our reversal and remittal to County Court, a hearing was conducted in September 2000, following which defendant's sentence was set aside (*see*, CPL 440.20). The court, declining to vacate the judgment of conviction pursuant to CPL 440.10, resentenced him as a first felony offender to an aggregate term of 16²/₃ to 50 years. Defendant appeals by permission of this Court, and we reverse.

"So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [citations omitted]). Based on the record before us, we are compelled to agree with defendant that he was not provided with meaningful representation.

Defendant's assertion of his counsel's ineffectiveness is grounded primarily upon two inadequacies: (1) counsel's mistaken advice in assuring defendant that he would be sentenced concurrently were he convicted of the crimes charged, and (2) counsel's failure to contest defendant's status as a second felony offender. As revealed at the hearing upon remittal, defense counsel's failure to challenge a prior conviction for a sex offense in Vermont resulted in defendant's

improper sentencing as a second felony offender. Such inadequate representation, combined with counsel's erroneous advice concerning the maximum sentence that defendant could receive if convicted of the crimes properly charged, demonstrates patent prejudice since defendant was prevented from properly assessing the risks associated with proceeding to trial as opposed to concluding with a negotiated plea (*see, People v Bachman,* 272 AD2d 718, *lv denied* 95 NY2d 903; *People v Van Wie,* 238 AD2d 876).

For these reasons, we reverse that portion of County Court's order which denied defendant's motion to vacate the judgment of conviction and remit for a new trial.*

Cardona, P. J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, motion pursuant to CPL 440.10 granted, judgment of conviction vacated and matter remitted to the County Court of Washington County for a new trial.

* We decline counsel's invitation to follow *Boria v Keane* (99 F3d 492, *cert denied* 521 US 1118).