■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID L. REYNOLDS, Appellant. [766 NYS2d 142] —Peters, J. Appeal, by permission, from an order of the County Court of St. Lawrence County (Nicandri, J.), entered April 30, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of promoting prison contraband in the first degree and assault in the second degree, without a hearing.

Following a jury trial, defendant was sentenced, as a persistent violent felony offender, to an indeterminate prison term of 12 years to life upon his conviction of assault in the second degree and, as a second felony offender, to a concurrent indeterminate prison term of 2 to 4 years upon his conviction of promoting prison contraband in the first degree.* Upon a prior appeal of this matter, defendant alleged, inter alia, ineffective assistance of counsel. After the conviction was affirmed (283 AD2d 771 [2001], *lv denied* 96 NY2d 923 [2001]), he sought to vacate the judgment pursuant to CPL 440.10 (1) (h) by again asserting ineffective assistance of counsel. The motion was denied without a hearing and defendant appeals by permission.

Typically, a defendant is precluded from seeking to vacate a judgment of conviction through a CPL 440.10 motion where the grounds alleged in that motion were previously decided on the merits by a prior appeal (*see* CPL 440.10 [2] [a]; *People v Saunders,* 301 AD2d 869, 870 [2003], *lv denied* 100 NY2d 542 [2003]; *People v Hernandez,* 191 AD2d 511, 512 [1993], *lv denied* 81 NY2d 1014 [1993]). However, an exception exists where the claim of ineffective assistance of counsel is based upon an alleged failure to provide proper advice concerning sentencing exposure. As this claim is typically not demonstrable on the main record, it is properly raised within the context of a CPL 440.10 motion (*see People v Brown,* 45 NY2d 852, 853-854 [1978]; *People v Welch,* 108 AD2d 1020, 1021 [1985]). Here, defendant claimed that counsel advised him in writing that, during plea bargain negotiations with both the District Attorney and County Court, it was agreed that defendant would "not be treated as a persistent offender should [he] be convicted by either plea or after trial"; he annexed a copy of the letter. He

---

* Each sentence was imposed consecutively to a term that defendant, a prison inmate, was already serving.

further averred that he rejected a plea offer and proceeded to trial based upon this representation.

Upon these facts, defendant has raised an issue sufficient to require a hearing on his CPL 440.10 motion (see *People v Perron,* 273 AD2d 549, 550 [2000]). We reject the People's assertion that defendant should have raised this issue at sentencing since defendant was still being represented by the very same counsel now claimed to be ineffective (see *People v Johnson,* 288 AD2d 501, 503 [2001]).

Finally, since defendant is currently represented by the same Public Defender's office that represented him at the time of trial and sentencing, we direct that an attorney not associated with that office be assigned to represent him.

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.