■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID L. REYNOLDS, Appellant. [796 NYS2d 724]—

Peters, J. Appeal, by permission, from an order of the County Court of St. Lawrence County (Nicandri, J.), entered January 30, 2004, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of assault in the second degree and promoting prison contraband in the first degree, after a hearing.

In 1998, defendant was convicted, after trial, of assault in the second degree and promoting prison contraband in the first degree. He was sentenced as a persistent violent felony offender to an aggregate prison term of 12 years to life, to run consecutively to his unsatisfied prison sentence; his appeal to this Court was unsuccessful (283 AD2d 771 [2001], lv denied 96 NY2d 866 [2001]). In 2002, County Court denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing. He appealed and we reversed, and remitted the matter for a hearing on the issue of whether defendant had received the effective assistance of counsel (309 AD2d 976 [2003]). Following a hearing, County Court found that defendant had been afforded meaningful representation and again declined to vacate the judgment of conviction. Defendant now appeals by permission of this Court.

We are unpersuaded that defense counsel provided less than meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]). His assurance during pretrial plea negotiations that defendant would not be treated as a persistent felony offender (see Penal Law § 70.10 [2]), a discretionary assessment, correctly recited the proposed agreement. Counsel was powerless to affect the mandatory sentencing requirements which arose from defendant's actual status as a persistent violent felony offender (see Penal Law § 70.08), not learned until later. Accordingly, County Court properly denied the motion to vacate the judgment.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed.