■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG M. BASSETT, Appellant. [826 NYS2d 507]—

Crew III, J.P. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered June 1, 2005, convicting de-

fendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant agreed to waive indictment and plead guilty to a superior court information charging him with burglary in the third degree in satisfaction of various charges pending against him, including burglary in the second degree, unlawful possession of marihuana and promoting prison contraband. In exchange for such plea, defendant was promised an indeterminate sentence of 3 to 6 years imprisonment as a predicate felon with a recommendation for shock incarceration. Defendant pleaded guilty to the superior court information and was sentenced as agreed. Defendant now appeals.

Of the various issues raised by defendant, only two merit discussion. Defendant initially contends that he was improperly sentenced as a second felony offender based upon his North Carolina conviction of "manufacture of marijuana" (*see* NC Gen Stat § 90-95 [a] [1]). We need note only that defendant did not controvert the allegations contained in the predicate felony statement and, thus, has failed to preserve for our review his contention that the North Carolina conviction is not the equivalent of a New York felony for purposes of Penal Law § 70.04 (*see People v Smith*, 73 NY2d 961, 962-963 [1989]).

Defendant further contends that he was denied the effective assistance of counsel because of his attorney's failure to challenge the predicate offense at sentencing. We disagree. Our review of the record reveals that defense counsel provided meaningful representation to defendant by negotiating an extremely favorable plea that substantially reduced his exposure to a more lengthy prison term (*see e.g. People v Crippa*, 245 AD2d 811, 812 [1997], *lv denied* 92 NY2d 850 [1998]). Indeed, even assuming the North Carolina conviction did not constitute a predicate felony conviction, if convicted defendant could have been sentenced to a term of 5 to 15 years for burglary in the second degree, as well as $2^1/_3$ to 7 years for promoting prison contraband, which sentences could have been ordered to be served consecutively. We have considered defendant's remaining contentions and find them equally without merit.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.