■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY MOBLEY, Appellant. [873 NYS2d 736]—

Appeal by the defendant, by permission, from an order of the County Court, Nassau County (Ayres, J.), entered December 4, 2006, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Kowtna, J.) rendered July 26, 1995, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion pursuant to CPL 440.10 which was to vacate the judgment on the ground that the defendant was denied the effective assistance of counsel based on trial counsel's alleged failure to accurately inform him of the maximum sentence he faced; as so modified, the order is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing and new determination of that branch of the defendant's motion.

The County Court properly denied, without a hearing, that branch of the defendant's motion pursuant to CPL 440.10 which was to vacate the judgment on the ground that the defendant was denied the effective assistance of counsel based on trial counsel's failure to ensure that all portions of the voir dire were recorded. Pursuant to CPL 440.10 (2) (c), a motion to vacate a judgment must be denied when, although sufficient facts appear on the record to have permitted adequate appellate review, the defendant unjustifiably fails to raise the issue on his or her direct appeal. Here, the defendant failed to raise this claim on his direct appeal from the judgment (*see People v Mobley*, 270 AD2d 504 [2000]), and the record presented sufficient facts to have permitted adequate appellate review of that claim (*see People v Maldonado*, 34 AD3d 497 [2006]; *People v Jossiah*, 2 AD3d 877 [2003]; *People v Smith*, 269 AD2d 769, 769-770 [2000]).

However, the matter must be remitted to the County Court, Nassau County, for a hearing and new determination of that branch of the defendant's motion pursuant to CPL 440.10 which was to vacate the judgment on the ground that the defendant was denied the effective assistance of counsel based on trial counsel's alleged failure to accurately inform him of the maximum sentence he faced in the event he chose to reject a particular plea offer made by the People and was convicted after trial. In support of his claim, which is of a type properly raised within the context of a motion pursuant to CPL 440.10, the defendant submitted an affidavit alleging certain facts, which, if true, would be sufficient to prevail on that claim (*see United States v Gordon*, 156 F3d 376, 379-381 [1998]; *People v Reynolds*, 309 AD2d 976, 976-977 [2003]; *People v Perron*, 273 AD2d 549, 550 [2000]; *see also People v Radcliffe*, 298 AD2d 533, 534-535 [2002]). The People failed to address that claim when opposing the motion. Under the circumstances of this case, a hearing was warranted. Florio, J.P., Covello, Balkin and Leventhal, JJ., concur.