■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENYON BAKER, Appellant. [925 NYS2d 616]—

Appeal by the defendant, by permission, as limited by his brief, from so much of an order of the County Court, Dutchess County (Dolan, J.), dated January 16, 2007, as denied, without a hearing, those branches of his motion which were pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered March 20, 2000, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, on the ground that he was denied the effective assistance of counsel because trial counsel did not properly investigate his criminal history for sentencing purposes and pursuant to CPL 440.20 to set aside the sentence imposed by the same court.

Ordered that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the County Court, Dutchess County, for hearings in accordance herewith and new determinations thereafter.

On a prior appeal to this Court, the defendant argued that he was punished for exercising his right to a jury trial, as the sentence imposed was greater than the sentence offered as part of a potential plea agreement. The plea agreement was rejected by the County Court on the ground that it did not take into account the defendant's correct predicate status for sentencing purposes. This Court affirmed the sentence imposed (see People v Baker, 287 AD2d 726 [2001]).

The defendant moved to set aside his sentence pursuant to CPL 440.20 on the ground that he was incorrectly sentenced as a persistent violent felony offender based upon the mistaken belief that a prior 1994 conviction for attempted criminal possession of a weapon in the third degree was a violent felony conviction (see People v Dickerson, 85 NY2d 870 [1995]; People v Caraballo, 79 AD3d 902 [2010]). In addition, he moved pursuant to CPL 440.10 to vacate the judgment on the ground that he was denied the effective assistance of counsel because trial counsel failed to properly investigate his criminal history.

The defendant is not procedurally barred from arguing that he should not have been adjudicated a persistent violent felony offender since the issue the defendant raises here is distinct from the issue raised on his appeal from the sentence imposed on his original conviction (*see People v Barnes*, 60 AD3d 861 [2009]). In addition, the defendant's contentions required a hearing (*see People v Perron*, 273 AD2d 549 [2000]).

Further, a hearing was required to determine the merits of the defendant's contention that he did not receive the effective assistance of counsel because trial counsel did not properly investigate his criminal history (*see People v Mobley*, 59 AD3d 741 [2009]; *People v Garcia*, 19 AD3d 17 [2005]; *People v Perron*, 273 AD2d 549 [2000]). Covello, J.P., Leventhal, Lott and Miller, JJ., concur.