THIRD DEPARTMENT, JULY, 2011

(July 7, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERYL WIMBERLY, Appellant. [926 NYS2d 718]—

Peters, J.P.

In April 2008, defendant was indicted on two counts of criminal sale of a controlled substance in the third degree. In the course of plea negotiations, it came to light that defendant had a prior conviction for the federal crime of possession of a firearm by a prohibited person, and he was informed that, as a result, he could be sentenced, as a violent predicate offender, to a prison term of 15 years on each count of the indictment if found guilty. Subsequently, defendant pleaded guilty, as a second violent felony offender, to one count of attempted criminal sale of a controlled substance in the third degree in exchange for a negotiated sentence of four years in prison followed by two years of postrelease supervision. Thereafter, having failed to appear for sentencing as originally scheduled, defendant was sentenced to a prison term of six years, followed by three years of postrelease supervision. In January 2010, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction or, in the alternative, to set aside the sentence pursuant to CPL 440.20. County Court denied defendant's motion without a hearing. He now appeals by permission.

We agree with defendant's contention that County Court erred in denying his motion without a hearing. Initially, we reject the People's assertion that defendant is precluded from seeking to vacate his judgment of conviction through a CPL 440.10 motion as a result of his failure to raise such grounds on direct appeal. Defendant's primary claim is that he was denied the effective assistance of counsel due to counsel's failure to realize and point out his true sentencing status. Because this claim is based on matters outside of the record, a motion pursuant to CPL 440.10 is the appropriate procedural vehicle to raise this challenge (*see People v Mobley*, 59 AD3d 741, 742 [2009], *lv denied* 12 NY3d 856 [2009]; *People v Obert*, 1 AD3d 631, 632 [2003], *lv denied* 2 NY3d 764 [2004]; *People v Reynolds*, 309 AD2d 976, 976 [2003]; *see generally People v Pendelton*, 81 AD3d 1037, 1038-1039 [2011]).

Here, the People and defense counsel conducted plea negotiations and entered into a plea agreement, and County Court rendered a sentence, under the assumption that, based upon his 2000 federal conviction, defendant was a violent predicate felon. However, the elements of 18 USC § 922 (g) (8), the federal statute under which defendant was convicted, do not accord with any felony under New York law, and the People have failed to enumerate a state penal statute under which defendant could be considered a predicate felon (*see* Penal Law § 70.06 [1] [b] [i]; *People v Yancy*, 86 NY2d 239, 247 [1995]; *People v Muniz*, 74 NY2d 464, 467-468 [1989]; *People v Mosby*, 78 AD3d 1371, 1374

[2010], *lv denied* 16 NY3d 834 [2011]; *People v Perron*, 273 AD2d 549, 550 [2000]). Therefore, we find a question as to whether counsel provided inadequate legal assistance by failing to detect and correct the mistaken impression of defendant's sentencing status (*see People v Thomson*, 46 AD3d 939, 940 [2007], *lv denied* 9 NY3d 1039 [2008]; *People v Garcia*, 19 AD3d 17, 20-21 [2005]). Moreover, were defendant not subject to be sentenced as a violent predicate felon, his current sentence of six years in prison is illegal (*see* Penal Law § 70.70 [2] [a] [ii]). Under these circumstances, defendant raised an issue sufficient to require a hearing as to whether counsel's representation was deficient and, if so, whether defendant was prejudiced thereby (*see People v Mobley*, 59 AD3d at 742; *People v Garcia*, 19 AD3d at 18; *People v Reynolds*, 309 AD2d at 977; *People v Perron*, 273 AD2d at 550; *People v Miller*, 144 AD2d 867, 868 [1988]).

Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.