■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DAVEY, Appellant. [936 NYS2d 389]—

Garry, J.

Defendant claims that he was denied the effective assistance of counsel because he was not advised that he had a viable defense to the charge of criminal possession of a forged instrument in the second degree. Upon review, we agree that his contentions are sufficient to raise questions of fact requiring a hearing (*see* CPL 440.30 [1]; *People v Wimberly*, 86 AD3d 651, 652 [2011]; *People v Reynolds*, 309 AD2d 976, 977 [2003], *lv denied* 5 NY3d 832 [2005]). Defendant's conviction arose out of his possession of a Social Security card issued in a name other than his own. He asserts that he had assumed the name on the

card and had been using it as his own for a period of years with no fraudulent intent. In opposing the motion, the People did not controvert defendant's claim that he had assumed the name, although they questioned his motivation for doing so; moreover, they did not claim that he possessed the Social Security card "with intent to defraud, deceive or injure another" (Penal Law § 170.25). Thus, defendant's assertion that he had a defense to the charge of criminal possession of a forged instrument appears well founded (see People v Asaro, 94 NY2d 792, 793 [1999]; People v Asai, 66 AD3d 1138, 1139-1140 [2009]; see generally People v Briggins, 50 NY2d 302 [1980]; compare People v Jackson, 139 AD2d 837, 837-838 [1988], lv denied 72 NY2d 919 [1988]).

According to defendant, his defense counsel did not inform him of this defense, but instead advised that he "could not fight the charge of criminal possession of a forged instrument in the second degree" and that he was "guilty of that charge under the law [and] the best thing to do was to 'cop out' and accept the deal." Defendant asserts that he entered his guilty plea based on this advice, and would not have done so if he had known that a defense was available. An allegation that a defendant entered a guilty plea based on counsel's failure to advise regarding a viable defense is sufficient to raise a question of fact regarding counsel's effectiveness (see People v Liggins, 56 AD3d 1265, 1265-1266 [2008]; People v Thomson, 279 AD2d 644, 645 [2001]). Although the People correctly note that defendant's allegations are unsupported by evidence beyond his affidavit (see CPL 440.30 [4] [d] [i]), nothing in the record reveals that he was aware of this potential defense and knowingly waived it when he entered his plea (see People v Thomson, 279 AD2d at 645), nor did the People submit evidence refuting the claim that defendant's counsel did not properly advise him (compare People v Dawkins, 23 AD3d 831, 833 [2005], lvs denied 6 NY3d 811, 815, 818 [2006]). In these circumstances, we do not find that "there is no reasonable possibility that [defendant's] allegation is true" (CPL 440.30 [4] [d] [ii]); instead, there are factual issues as to whether he received effective assistance that cannot be resolved without a hearing (see CPL 440.30 [5]; People v Wimberly, 86 AD3d at 653; People v Liggins, 56 AD3d at 1266; People v Mattison, 182 AD2d 917, 919 [1992], lv denied 80 NY2d 896 [1992]).

Peters, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.