Spain, J.
Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered February 14, 2011, upon a verdict convicting defendant of the crimes of driving while intoxicated and reckless driving (two counts), the violation of trespass and the traffic infractions of speeding (two counts), failure to comply with a lawful order of a police officer (two counts), failure to stop at a stop sign (two counts), improper turn (three counts) and refusal of a chemical test.
In the early morning hours of April 12, 2009, State Troopers *986 responded to a call in the Town of Sidney, Delaware County regarding a campfire and activity on wooded private property. The Troopers found a black SUV that had extensive damage, uncooked food and over a dozen empty beers cans, but could not locate anyone on the property in the dark, so they waited on a nearby road in their patrol vehicle. The damaged SUV driven by defendant emerged an hour later from the property and ultimately engaged in a high speed chase with the Troopers in pursuit, ignoring their activated emergency lights. Defendant committed numerous traffic violations, twice failed to stop at stop signs, drove at an unsafe speed and failed to signal on turns, nearly striking a pedestrian as he entered the Village of Sidney. When the SUV came to a stop in a parking lot, defendant was apprehended attempting to exit the still-running vehicle; he admitted being the driver and consuming alcohol. At trial, Troopers identified defendant as the person they had observed operating the vehicle beginning when it emerged from the wooded property. Testimony also revealed that defendant displayed signs of intoxication, including glassy eyes, a very strong odor of alcohol, unsteady and impaired motor coordination and slow and unintelligible speech. Defendant declined to submit to any field sobriety tests at the scene, was arrested and, after Miranda and repeated driving while intoxicated (hereinafter DWI) refusal warnings, refused to submit to a chemical breath test to measure his blood alcohol level at the police station. He was charged with, and subsequently indicted for, DWI as a felony and reckless driving, trespass and numerous traffic infractions. Following a jury trial, defendant was convicted as charged and sentenced to a prison term of 2 to 6 years on the DWI and concurrent definite terms on the remaining 13 charges, with total fines of $7,350. Defendant now appeals.
Defendant argues on appeal that he was deprived of the effective assistance of counsel before and at trial. Initially, he contends that defense counsel failed to properly advise him regarding the People’s pretrial plea offer. Given that this claim is based exclusively on matters outside the record on appeal, the appropriate vehicle in which to raise it is a CPL 440.10 motion wherein a record focused on this issue may be developed (see People v Haffiz, 19 NY3d 883, 885 [2012]; People v Wimberly, 86 AD3d 651, 652 [2011]). Here, the record reflects that in September 2010, the People offered defendant the opportunity to enter a guilty plea to the top count, DWI, with a recommended sentence of 1 to 3 years to be served in a drug treatment correctional facility, with a fine and appeal waiver, in full satisfaction of the 14-count indictment. County Court later indicated that it would accept the plea, but would not recom *987 mend a drug treatment correctional facility, and would agree to a $3,000 fine. At the outset of the January 11, 2011 pretrial proceedings when asked by the court on the record if the offer— restated on the record—was “deemed unacceptable,” defendant himself replied “yes,” thereby rejecting the plea offer. The record does not at any point reflect what, if anything, counsel apprised defendant with regard to the plea offer, including whether counsel advised defendant to accept or reject the plea deal and why, or counsel’s advice, if any, regarding the strength of the People’s proof and likelihood of a conviction and the effect that defendant’s criminal history might have on his sentencing exposure. Indeed, it is not clear that defendant actually followed counsel’s advice in rejecting the plea offer. Accordingly, on the record before us, defendant’s claims cannot be reviewed on direct appeal.
To the extent that defendant also contends that counsel employed “no realistic defense strategy,” this is belied by the record on appeal (see People v Benevento, 91 NY2d 708, 712 [1998]). Defense counsel vigorously advocated in defense of defendant at all proceedings, successfully limited the Sandoval proffer, effectively cross-examined the witnesses pointing out inconsistencies between them and in relation to their grand jury testimony, and made appropriate objections. Defendant has not demonstrated that counsel’s failure to make any particular pretrial motion deprived him of meaningful representation or made any argument that there was a colorable basis for any suppression motion (see People v Rivera, 71 NY2d 705, 709 [1988]; cf. People v Carnevale, 101 AD3d 1375, 1378-1381 [2012]). Counsel pursued several legitimate defense strategies, including that defendant was not trespassing, that the SUV was successfully operated during the pursuit (i.e., without crashing) in a manner inconsistent with intoxication, that no tests established defendant’s intoxication, and that Troopers lost sight of the SUV and had an inadequate opportunity to identify its driver. Indeed, the record supports the conclusion that the verdict was the result of the strong proof against defendant rather than any failures on the part of counsel. Defendant has not demonstrated either that counsel’s performance was deficient or that he was prejudiced (see People v Caban, 5 NY3d 143, 155 [2005]) and, viewed in its entirety, the record reflects that defendant was provided meaningful representation (see People v Benevento, 91 NY2d at 712).
Rose, J.P., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.