Appeal by the defendant from a resentence of the County Court, Dutchess County (Forman, J.), imposed August 4, 2011, upon his convictions of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, after remittitur from this Court for hearings on those branches of his motion which were pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel because trial *1059 counsel did not properly investigate his criminal history for sentencing purposes and pursuant to CPL 440.20 to set aside the sentence {People v Baker, 85 AD3d 935 [2011]).
Ordered that the resentence is reversed, on the law, and the matter is remitted to the County Court, Dutchess County, for further proceedings in accordance herewith.
In this Court’s prior decision and order {People v Baker, 85 AD3d 935 [2011]), the matter was remitted to the County Court, Dutchess County, to conduct hearings on whether the defendant was incorrectly adjudicated a persistent violent felony offender and whether the defendant was deprived of the effective assistance of counsel due to his attorney’s failure to properly investigate his criminal history. The County Court was instructed to make a new determinations on both branches of the defendant’s motion, namely, pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of ineffective assistance of counsel, and pursuant to CPL 440.20 to set aside his sentence, after such hearings were conducted {see id.).
The County Court erred in failing to follow this Court’s instructions on remittitur {see id.). The County Court did not conduct the hearings or make new determinations on both branches of the defendant’s motion. Instead, it proceeded to merely resentence the defendant as a second violent felony offender. A hearing on whether the defendant was improperly adjudicated a persistent violent felony offender was no longer required given that the parties and the court agreed on remittitur that the defendant was a second violent felony offender. However, it was error for the court to vacate the defendant’s sentence pursuant to CPL 440.20 and resentence him without first holding a hearing to determine the merits of the defendant’s claims that his convictions should be vacated pursuant to CPL 440.10 and that the more favorable terms of a previously vacated plea should be restored, on the ground that he was deprived of the effective assistance of counsel {see Lafler v Cooper, 566 US —, —, 132 S Ct 1376, 1388-1389 [2012]). Contrary to the People’s contention, the record does not show that the defendant knowingly waived his right to that hearing and determination (see generally People v Harris, 61 NY2d 9, 17 [1983]).
In addition, the County Court failed to adequately explore the defendant’s waiver of a potential conflict of interest in connection with defense counsel’s continued representation of the defendant upon remittitur (see People v Cortez, 22 NY3d 1061 [2014]; People v Solomon, 20 NY3d 91 [2012]; People v Macerola, 47 NY2d 257 [1979]).
Accordingly, we remit the matter to the County Court, *1060 Dutchess County, to either obtain the defendant’s express, knowing, and intelligent waiver of his right to the hearing on his ineffective assistance of counsel claim, or in the absence of such waiver, to conduct that hearing and make a new determination of that branch of the defendant’s motion which was pursuant to CPL 440.10 to vacate the judgment of conviction on that ground. Rivera, J.P., Lott, Miller and Hinds-Radix, JJ., concur.