THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFUS LEFTENANT, Appellant. [996 NYS2d 60]—

Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Kahn, J.), dated August 10, 2012, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Mullen, J.), rendered December 14, 1999, as modified by a decision and order of this Court dated October 11, 2005 (*People v Leftenant,* 22 AD3d 603 [2005]), convicting him of murder in the second degree (two counts), attempted murder in the second degree, and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The defendant contends that the County Court erroneously denied, without a hearing, his motion pursuant to CPL 440.10

to vacate his judgment of conviction on the ground that he was denied the effective assistance of counsel. In support of his motion, the defendant submitted his own affidavit wherein he alleged that trial counsel failed to recognize and advise him of the possibility that he could face consecutive sentences, and incorrectly advised him that he did not have to worry about an attempted murder charge because Richard Blie had already been convicted of that charge and the jury found that Blie had acted alone. The defendant claimed that had he been properly advised, he would not have rejected the plea offer.

The defendant's allegations of misinformation and lack of information by his trial counsel are made solely by the defendant in his affidavit and are not supported by any other affidavit or evidence in the record. Further, under all of the circumstances of the case, including the defendant's failure to offer any reason why he did not raise this issue in his first motion pursuant to CPL 440.10, which was made in 2007, or at any time until 12½ years after he was sentenced, there is no reasonable possibility that the defendant's allegations are true. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion without a hearing (*see* CPL 440.30 [4] [d]; *People v Smiley*, 67 AD3d 713, 714 [2009]; *People v Green*, 200 AD2d 687, 687 [1994]; *People v Pachay*, 185 AD2d 287, 287 [1992]; *cf. People v Mobley*, 59 AD3d 741, 742 [2009]). Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.