*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    105757
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JACK ROTGER,
                        Appellant.
_____

Calendar Date:  May 1, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____


        Donna C. Chin, Ithaca, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Veronica
M. Krause of counsel), for respondent.

                        _____


Lynch, J.


        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered November 5, 2012, upon a verdict convicting
defendant of the crimes of burglary in the first degree, robbery
in the first degree, burglary in the second degree, robbery in
the second degree and petit larceny (two counts).

        Defendant was charged in a 15-count indictment with crimes
stemming from a robbery that occurred in the City of Binghamton,
Broome County in December 2010.  After defendant originally
pleaded guilty to robbery in the second degree in satisfaction of
all charges in exchange for a sentence of eight years in prison
and five years of postrelease supervision, County Court later
vacated the plea upon defendant's motion and with the People's
consent.  Following a jury trial, defendant was found guilty of

the crimes of burglary in the first degree, robbery in the first degree, burglary in the second degree, robbery in the second degree and two counts of petit larceny. County Court sentenced defendant, as a persistent violent felony offender, to a prison term of 20 years to life. Defendant now appeals, and we affirm.

Defendant's primary claim on this appeal is that he was denied the effective assistance of counsel. In order to establish such a claim, a defendant must demonstrate that his or her attorney "failed to provide meaningful representation" (People v Caban, 5 NY3d 143, 152 [2005]). We are obligated to consider whether the defendant received meaningful representation in light of "'the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation'" (People v Benevento, 91 NY2d 708, 712 [1998] quoting People v Baldi, 54 NY2d 137, 147 [1981]). Further, we must distinguish "'actual ineffectiveness with mere losing tactics, and a defendant must demonstrate the absence of strategic or reasonable explanations for counsel's alleged shortcomings'" (People v Griffin, 122 AD3d 1068, 1070 [2014], quoting People v McCloud, 121 AD3d 1286, 1291 [2014]). We may not second-guess counsel's efforts "with the clarity of hindsight to determine how the defense might have been more effective" (People v Benevento, 91 NY2d at 712). Fundamentally, the NY Constitution guarantees a defendant "a fair trial, not necessarily a perfect one" (People v Cummings, 16 NY3d 784, 785 [2011] [internal quotation marks and citation omitted], cert denied ___ US ___, 132 S Ct 203 [2011]).

In support of his ineffective assistance argument, defendant identifies four specific mistakes that he believes counsel made during the course of the proceedings. First, defendant contends that counsel should have sought to dismiss the indictment based on delay and because defendant did not receive notice of the grand jury proceedings. Defendant also contends that counsel should have requested a pretrial Wade hearing and that, during the trial, he failed to offer into evidence certain prior, inconsistent written statements by the victim. Finally, defendant claims that counsel was ineffective because he did not object to defendant's designation as a persistent violent felony offender at sentencing.

Based on our review of the record, we discern no basis for defendant's claims that he received ineffective assistance of counsel. Generally, "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success'" (People v Caban, 5 NY3d at 152, quoting People v Stulz, 2 NY3d 277, 287 [2004]; see People v Clarke, 110 AD3d 1341, 1345 [2013], lv denied 22 NY3d 1197 [2014]). Here, with regard to the grand jury proceedings, the record confirms that when the charges were submitted, defendant was not being held after arraignment on any of the charges that were the subject of the proceedings. Accordingly, defendant was not entitled to notice, and there was no basis for a motion to dismiss the indictment on such ground (see CPL 190.50 [5] [a]; People v Ponce, 276 AD2d 921, 921-922 [2000], lv denied 96 NY2d 786 [2001]; People v Hernandez, 210 AD2d 535, 537 [1994], lv denied 84 NY2d 1032 [1995]). Further, inasmuch as only slightly more than five months elapsed between the crimes and the indictment, we reject defendant's argument that counsel's failure to move to dismiss based on preindictment delay constituted ineffective assistance of counsel (see People v Williamson, 77 AD3d 1183, 1185 [2010]; People v Medina, 262 AD2d 708, 710 [1999], lv denied 93 NY2d 1023 [1999]).

The record also evinces a reasonable explanation for counsel's determination to not request a Wade hearing, the purpose of which would have been to insure that the victim's identification of defendant was not improperly influenced by police suggestion (see People v Dixon, 85 NY2d 218, 224 [1995]). The victim testified at trial that two men entered his home, one was masked and defendant was not. At the time, the victim recognized the masked intruder's voice, but did not "know [defendant] from a hole in the wall." He later identified defendant after encountering him while both were in local custody. As the victim identified defendant spontaneously and without police involvement, there was no basis to request a Wade hearing (see People v Robinson, 121 AD3d 1405, 1406 [2014], lv denied 24 NY3d 1221 [2015]; People v Smith, 118 AD3d 1492 [2014], lv denied 25 NY3d 953 [2015]).

As for the victim's prior inconsistent statements, the record indicates that the victim wrote two letters while in

custody wherein he recanted his identification of defendant. Generally, a witness may be questioned with regard to a prior inconsistent statement as a means to impugn his or her credibility, but "this testimony is often collateral to the ultimate issue before the jury" (People v Duncan, 46 NY2d 74, 80 [1978], cert denied 442 US 910 [1979]).  On cross-examination, defense counsel questioned the victim about the letters and fully explored their content and inconsistencies.  Since counsel took effective steps to discredit the witness and ensure that the jury heard the full content of the exculpatory prior statements, we discern no basis for this claim of ineffective assistance of counsel (see People v Bahr, 96 AD3d 1165, 1167 [2012], lv denied 19 NY3d 1024 [2012]).

With respect to defendant's designation as a persistent violent felony offender (see Penal Law § 70.08 [1] [a]), the record reveals that, at sentencing, the People presented a persistent violent felony offender statement to County Court and defendant's counsel (see generally CPL 400.15).  After the court reviewed the prior convictions and sentences set forth in the statement, defendant confirmed that he agreed with each.  Now, although he claims that the statement is technically deficient, he does not claim that the admissions that he made during sentencing were incorrect.[1]  As such, we find no basis for defendant's contention that counsel was ineffective for not challenging the designation (see People v Bassett, 36 AD3d 968, 969 [2007]).

Finally, we reject defendant's claim that the sentence imposed was unduly harsh and excessive.  He identifies no basis for his claim that he was penalized for exercising his right to trial (see People v Souffrant, 93 AD3d 885, 887 [2012], lv denied

---

[1]  Specifically, at the time of sentencing, defendant admitted to all of the prior convictions and sentences set forth in the People's persistent violent felony offender statement, including previous convictions for robbery in 1990 and attempted manslaughter in the first degree in 2002, and custodial time in excess of 13 years since 1990.

19 NY3d 968 [2012]).  Rather, although the People had previously offered an eight-year sentence in exchange for his plea, it is not disputed that the offer and plea was premised on the mistaken belief that defendant could be sentenced as a second violent felony offender (see Penal Law § 70.06; People v Baker, 287 AD2d 726, 727 [2001], lvs denied 98 NY2d 708, 712 [2002]).  Further, we discern no constitutional violation in County Court's determination to sentence defendant at the lower end of the range permitted by the statute in effect at the time of sentencing and to date (see Penal Law § 70.08 [2], [3] [a-1]).  In light of defendant's lengthy criminal record, we are unable to conclude that the sentence was so harsh or excessive as to warrant a reduction in the interest of justice (see People v Toye, 107 AD3d 1149, 1152 [2013], lv denied 22 NY3d 1091 [2014]; People v Pope, 96 AD3d 1231, 1235 [2012], lv denied 20 NY3d 1064 [2013]).

We have considered defendant's remaining arguments and find them to be without merit.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.


ORDERED that judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court