■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWN, Appellant. [36 NYS3d 523]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Aloise, J.), dated August 19, 2014, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered February 9, 2010, convicting him of kidnaping in the second degree, sex trafficking, promoting prostitution in the third degree, unlawful imprisonment in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a hearing before a different Justice and a new determination of the defendant's motion thereafter.

The defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that he was deprived of the effective assistance of counsel, based on his trial counsel's failure to inform him of the possibility that, in the event he

chose to reject a plea offer made by the People and was convicted after trial, he could be sentenced to a life sentence as a persistent felony offender. The Supreme Court denied the defendant's motion without a hearing.

A court may deny a CPL 440.10 motion without a hearing, inter alia, where an allegation of fact essential to support the motion is made solely by the defendant and is unsupported by any other affidavit or evidence, and under these and all other circumstances of the case, there is no reasonable possibility that such allegation is true (see CPL 440.30 [4] [d]). Here, in support of his motion, the defendant submitted an affidavit alleging facts which, if true, would be sufficient to prevail on the motion (see People v Alomar, 89 AD3d 1098, 1099 [2011]; People v Mobley, 59 AD3d 741, 742 [2009]; People v Reynolds, 309 AD2d 976, 976-977 [2003]; People v Perron, 273 AD2d 549, 550 [2000]). Contrary to the Supreme Court's conclusion, the allegations of fact in the defendant's affidavit, including his assertion that he would have accepted the plea offer had he been correctly informed about his sentencing exposure, were corroborated by other evidence. The court therefore erred in denying the defendant's motion without a hearing.

Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing and a new determination of the defendant's motion. We agree with the defendant that, under the circumstances of this case, the hearing should be held before a different Justice, since certain statements made by the court at sentencing and certain determinations in the order on appeal might give rise to an appearance that the court was predisposed to rule against the defendant on the credibility issues that are central to the subject motion (see People v Jenkins, 84 AD3d 1403, 1408 [2011]; Cullen v United States, 194 F3d 401, 407-408 [2d Cir 1999]). Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.