Clark, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 23, 2014, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fifth degree and falsely reporting an incident in the third degree.
On June 23, 2013, defendant was arrested for falsely reporting an incident and, during a search incident to his arrest, was found to be in possession of cocaine. Defendant was thereafter indicted on charges of criminal possession of a controlled substance in the fifth degree and falsely reporting an incident in the third degree. Following a jury trial, at which defendant testified, defendant was found guilty as charged and sentenced to an aggregate prison term of three years. Defendant now appeals, solely arguing that he received the ineffective assistance of counsel.
A defendant’s right to the effective assistance of counsel is guaranteed by both the US and NY Constitutions (see US Const 6th Amend; NY Const, art I, § 6). To succeed on a claim of ineffective assistance of counsel under the US Constitution, a defendant must demonstrate that the performance of his or her trial counsel “fell below an objective standard of reasonableness . . . under prevailing professional norms” and that there is a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different” (Strickland v Washington, 466 US 668, 688, 694 [1984]; see People v Harris, 26 NY3d 321, 328 [2015]; People v Hernandez, 22 NY3d 972, 974-975 [2013], cert denied 572 US —, 134 S Ct 1900 [2014]). By comparison, to prevail on a claim of ineffective assistance of counsel under the NY Constitution, a defendant must establish that he or she was not provided meaningful representation and that there is an “absence of strategic or other legitimate explanations” for counsel’s allegedly deficient performance (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Benevento, 91 NY2d 708, 712 [1998]). If “the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to *1225 the level of ineffective assistance” (People v Benevento, 91 NY2d at 712-713; see People v Berroa, 99 NY2d 134, 138 [2002]).
Here, with respect to the charge of falsely reporting an incident, the People sought to prove that defendant, while acting in concert with another person, gratuitously reported to the arresting police officer that he had been a passenger in a vehicle driven by his purported accomplice and that the vehicle had been struck in a hit-and-run accident. To that end, the People relied, in large part, on hearsay statements made by defendant’s purported accomplice to the arresting officer. While defendant did not challenge the admissibility of these hearsay statements, as one might expect, it appears that his defense strategy was to attribute the false report solely to his purported accomplice and to deny that he participated or aided in any way. Defense counsel’s opening and closing statements, as well as his questions during cross-examinations and direct examinations, furthered this apparent strategy. As to defendant’s defense of the possession charge, made more difficult by the drugs having been found on his person, defendant appeared to have employed a strategy of contesting the credibility of the arresting officer so as to create reasonable doubt (see People v Johnson, 303 AD2d 830, 835 [2003], lvs denied 99 NY2d 655 [2003], 100 NY2d 583 [2003]). However, defendant took the stand* and, although he countered portions of the arresting officer’s account of events, he ultimately admitted to possessing the drugs. Thus, while the strategy advanced by defense counsel may not have been the best available, we cannot say that it was unreasonable in light of the evidence and circumstances or completely devoid of merit (see People v Benevento, 91 NY2d at 712; People v Satterfield, 66 NY2d 796, 799 [1985]; People v Baldi, 54 NY2d 137, 151-152 [1981]; People v Manchester, 123 AD3d 1285, 1289 [2014], lv denied 26 NY3d 931 [2015]). As often recognized, “counsel’s efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective” (People v Benevento, 91 NY2d at 712; accord People v Thomas, 105 AD3d 1068, 1071 [2013], lv denied 21 NY3d 1010 [2013]; see People v Rotger, 129 AD3d 1330, 1331 [2015], lvs denied 26 NY3d 1011 [2015], 27 NY3d 1005 [2016]).
The record reveals that defense counsel engaged in appropri *1226 ate pretrial motion practice, sought discovery materials from the District Attorney’s office, made coherent opening and closing statements aimed at furthering a particular defense strategy and contested the credibility of the People’s witnesses during cross-examinations. Despite the fact that defense counsel did not make a single objection at trial, seek a curative instruction in response to County Court’s statements regarding a defense witness or request any particular jury charge, we find that defense counsel’s representation, viewed in its totality, meets the threshold of meaningful (see People v Baldi, 54 NY2d at 146-147; People v Ryan, 46 AD3d 1125, 1126-1127 [2007], lv denied 10 NY3d 939 [2008]). Accordingly, defendant’s claims of ineffective assistance of counsel fail under both the NY and US Constitutions (see generally People v Benevento, 91 NY2d at 712-713; Strickland v Washington, 466 US at 687-688).
Garry, J.P., Egan Jr., Devine and Aarons, JJ., concur.
Ordered that the judgment is affirmed.

 The record does not reveal the circumstances under which defendant decided to testify or the circumstances that prompted defense counsel to state on the record, outside of the presence of the jury, that defendant was not “happy” with him. Issues that are outside the record must be raised in a CPL article 440 motion, rather than on direct appeal (see People v Brown, 45 NY2d 852, 853-854 [1978]; People v Surowka, 103 AD3d 985, 986 [2013]).