People v Allen (2019 NY Slip Op 05784)





People v Allen


2019 NY Slip Op 05784


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2016-02341
 (Ind. No. 3572/94)

[*1]The People of the State of New York, respondent, 
v
Derrick Allen, also known as Johnathan Holland, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon and Benjamin Welikson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Deborah Dowling, J.), dated December 21, 2015. The order denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (John DeLury, J.) rendered January 11, 1996, convicting him of robbery in the first degree (two counts), robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant contends that the Supreme Court erroneously denied, without a hearing, his motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that he was denied the effective assistance of counsel. According to the defendant, one of his attorneys misadvised him of the maximum prison sentence exposure, causing him to reject favorable plea offers.
The defendant's claim of ineffective assistance of counsel was largely based upon unsubstantiated and self-serving allegations (see CPL 440.30[4][b], [d]). "[U]nder these and all the other circumstances attending the case, there is no reasonable possibility that such allegation[s] [are] true" (CPL 440.30[4][d][ii]). Accordingly, we agree with the Supreme Court's denial, without a hearing, of the defendant's motion pursuant to CPL 440.10 (see CPL 440.30[4][b], [d]; People v Leftenant, 121 AD3d 1019, 1020; People v Smiley, 67 AD3d 713, 714; People v Waymon, 65 AD3d 708, 709).
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court