People v Brown (2020 NY Slip Op 04849)





People v Brown


2020 NY Slip Op 04849


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2014-10316 
2017-11486
 (Ind. No. 2299/08)

[*1]The People of the State of New York, respondent,
v
David Brown, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant (1) from a resentence of the Supreme Court, Queens County (Michael Aloise, J.), imposed October 27, 2014, upon his convictions of kidnapping in the second degree, sex trafficking, promoting prostitution in the third degree, unlawful imprisonment in the first degree, and assault in the third degree, upon a jury verdict, after remittitur from this Court for resentencing (see People v Brown, 106 AD3d 755), and (2), by permission, from an order of the same court (Robert Charles Kohm, J.) dated October 16, 2017, which, after a hearing, in effect, denied the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Michael Aloise, J.) rendered February 9, 2010, convicting him of kidnapping in the second degree, sex trafficking, promoting prostitution in the third degree, unlawful imprisonment in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.10 to vacate the judgment is granted, the judgment is vacated, the resentence is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith; and it is further,
ORDERED that the appeal from the resentence is dismissed as academic in light of our determination on the appeal from the order.
In February 2010, after a jury trial, the defendant was convicted of kidnapping in the second degree, sex trafficking, promoting prostitution in the third degree, unlawful imprisonment in the first degree, and assault in the third degree arising out of the defendant's imprisonment of a homeless 19-year-old woman whom he forced into prostitution.
Thereafter, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel based on his trial counsel's failure to inform him—in discussing a plea offer by the People—of the risk that he could be sentenced to life imprisonment as a persistent felony offender if he were to reject the plea offer and be convicted after trial. In an order dated August 19, 2014 (hereinafter the August 2014 order), the Supreme Court summarily denied the defendant's motion without a hearing. On appeal from the August 2014 order, this Court held that the Supreme Court erred in denying the motion without a [*2]hearing, reversed the order, and remitted the matter to the Supreme Court, Queens County, for a hearing before a different Justice and a new determination of the defendant's motion (see People v Brown, 142 AD3d 622).
Upon remittitur, following a hearing on the defendant's CPL 440.10 motion, in an order dated September 12, 2017, the Supreme Court concluded that the defendant received ineffective assistance of counsel that caused him to reject the People's final plea offer of 4½ to 9 years of imprisonment on the charge of sex trafficking. The court directed the People to reoffer the plea agreement but stated that if the defendant accepted the plea agreement, it would exercise its discretion in determining whether to vacate the convictions. Thereafter, although the People reoffered the plea agreement to the defendant and the defendant accepted, in an order dated October 16, 2017 (hereinafter the October 2017 order), the court rejected the proposed plea agreement, determined that it would leave the convictions and the sentences imposed on resentence undisturbed, and, in effect, denied the defendant's CPL 440.10 motion (see generally People v Perron, 287 AD2d 808, 809). The defendant appeals from the October 2017 order by permission. We reverse.
CPL 440.10(4) provides that "[i]f the court grants [a defendant's motion pursuant to CPL 440], it must, except as provided in subdivision five or six of this section, vacate the judgment, and must dismiss the accusatory instrument, or order a new trial, or take such other action as is appropriate in the circumstances" (emphasis added). Contrary to the Supreme Court's determination, the plain language of CPL 440.10(4) requires that, upon a finding that a defendant's CPL 440 motion is meritorious, a court must, in the first instance (absent the exceptions in subdivisions five or six of CPL 440.10 which are not relevant here), vacate the judgment (see People v Brett W., 144 AD3d 1314, 1317; see generally People v Baker, 116 AD3d 1058, 1059), and upon so doing, must then select one of three options: (1) "dismiss the accusatory instrument," (2) "order a new trial," or (3) "take such other action as is appropriate in the circumstances" (CPL 440.10[4]). Since the court found that the defendant received ineffective assistance of counsel, it should have granted the defendant's CPL 440.10 motion by vacating the judgment of conviction prior to directing the People to reoffer the plea agreement (see People v Brett W., 144 AD3d at 1316-1317; see also People v Perron, 287 AD2d at 809).
The Supreme Court also failed to comply with the requirements of CPL 440.10 when it left the defendant's convictions and sentences undisturbed upon its rejection of the reoffered plea agreement, as such a remedy is not contemplated by CPL 440.10. Although a defendant has no absolute right to have his or her plea accepted by the court, and the decision as to whether to accept a reduced plea is a matter within the court's discretion (see CPL 220.10[4]; Santobello v New York, 404 US 257, 262; People v Williams, 158 AD2d 930, 930-931), CPL 440.10(4) mandates vacatur of the judgment upon granting the motion. Since the court was required to vacate the judgment before it directed the People to reoffer the original plea agreement, upon the court's rejection of the plea agreement, any other remedy it selected had to comport with the provisions of CPL 440.10: it could dismiss the indictment, hold a new trial, or take other appropriate action (such as revisiting the plea agreement or requesting the People to fashion another plea offer) (see People v Brett W., 144 AD3d at 1317; People v Perron, 287 AD2d at 809). Contrary to the People's contention, the "take other appropriate action" provision of CPL 440.10(4) did not empower the court to, in effect, reinstate the judgment of conviction and sentences. Such an interpretation of that provision would not only vitiate the mandate in the preceding clause of CPL 440.10(4)—"[i]f the court grants the motion, it must . . . vacate the judgment" (emphasis added)—but also is inconsistent with the legislative history of the statute (see Governor's Approval Mem, Bill Jacket, L 2010, ch 332) and the rules of statutory construction, including, among others, the rule of lenity, which requires strict construction of penal statutes in favor of a defendant (see Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 33, 63, 69, 116, 126, 140, 161, 180 [2012]; Sarah Newland, The Mercy of Scalia: Statutory Construction and the Rule of Lenity, 29 Harv CR-CL L Rev 197 [1994]).
The Supreme Court's reliance on Lafler v Cooper (566 US 156) as authority for the October 2017 order was misplaced. Although Lafler v Cooper established the federal standard for addressing Sixth Amendment violations which resulted in rejected plea offers, such standard sets the floor, not the ceiling, on protections provided to a defendant under New York law (see generally [*3]People v Southall, 156 AD3d 111, 122). Since the CPL provides that, upon the grant of a defendant's CPL 440.10 motion, the court must vacate the judgment—a remedy more favorable to the defendant than the constitutional minimum established by Lafler v Cooper—the purported remedy fashioned by the Supreme Court must be vacated.
Accordingly, we reverse the October 2017 order, grant the defendant's CPL 440.10 motion, vacate the judgment and the resentence, and remit the matter to the Supreme Court, Queens County, for further proceedings consistent with our determination herein.
The appeal from the resentence and the defendant's other contentions have been rendered academic in light of our determination.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court